Oi/oilian fay; dismissal; career conditioned affointment; racial discrimination claim. — On July 12, 1973, the court entered the following order:
“This case comes before the court on defendant’s motion for summary judgment, seeking dismissal of plaintiff’s petition to recover back pay on the basis of plaintiff’s allegation that he was illegally discharged from his position as an electrician at the United States Naval Station, Long Beach, California. Although plaintiff has filed no response to defendant’s motion, the court has carefully considered not only defendant’s motion and supporting brief but the entire administrative record which was filed with the clerk of this court. Upon such consideration, the court finds: plaintiff’s career conditional appointment as an electrician was terminated, effective April 24,1967, on the ground that he had made false statements in his application for employment; on April 25, 1967, plaintiff made a written complaint that his discharge resulted from racial discrimination, and this was followed by a formal complaint filed with the Equal Opportunity Officer of the Department of the Navy on May 28, 1967; after an investigation had been conducted, *1107 plaintiff was notified by the Commanding Officer that the investigation revealed no racial discrimination, and thereafter a formal hearing was held at plaintiff’s request; on February 19,1968, the Hearing Officer reported that he found no discrimination on the part of the Command; on March 7, 1968, plaintiff’s Commanding Officer notified him that racial discrimination was not a factor in the termination of plaintiff’s appointment, and a decision to the same effect was made by the Equal Opportunity Officer of the Navy on April 23, 1968; plaintiff appealed the decision, and on July 12, 1968, it was affirmed 'by the Board of Appeals and Review of the Civil ¡Service Commission; plaintiff applied for appointment to his former position and was rehired therein as an electrician on June 21, 1968.
“On the basis of its study of the administrative record and a consideration of the applicable statutes and regulations, the court finds that the administrative decision against plaintiff is supported by substantial evidence; that the decision was not arbitrary or capricious, and that his discharge was effected in compliance with the applicable law and regulations.
“it is therefore ordered that defendant’s motion for summary judgment is granted and plaintiff’s petition is hereby dismissed.”
BY THE COURT
(Sgd) WlLSON CoWEN Chief Judge
(Sgd) Philip Nichols, Jr. Judge
(Sgd) Shiro Kashiwa Judge